**E-FILED on**    7/25/05

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GEORGE MILLER, JR.,<br><br>       Plaintiff,<br><br>    v.<br><br>VICORP RESTAURANTS, INC., and DOES 1 through 10, inclusive<br><br>       Defendant. | No. C-03-00777 RMW<br><br>ORDER REGARDING DEFENDANT'S MOTION FOR A NEW TRIAL ON ISSUE OF ECONOMIC DAMAGES OR REMITTITUR<br><br>**[Re Docket No. 146]** |

Plaintiff George Miller, Jr. ("Miller") sued defendant Vicorp Restaurants, Inc. ("Vicorp") for wrongful termination of employment. During trial, Miller's economic expert, Margo Rich Ogus ("Ogus") presented the jury with two scenarios representing Miller's economic damages. Ota Decl. Supp. Opp. Mot. ("Ota Decl.") Ex. 5. The first scenario assumed that Miller, who is 63 years old, would work for an additional 5.8 years. *Id*.[1] The second scenario assumed that Miller would retire at age 65. *Id*. Ogus calculated Miller's economic damages to be $291,248 under the first scenario and $128,442 under the second scenario. *Id*. On April 5, 2005 a jury awarded Miller $350,000 in economic damages. Vicorp contends that this amount is excessive and moves for a new trial on the issue of economic damages or a

---

[1] Ogus derived this figure from an article entitled "Median Years to Retirement and Worklife Expectancy for the Civilian U.S. Population" that appeared in the Journal of Forensic Economics. Ota Decl. Ex. 5.

1  remittitur. The court has read the moving papers and considered the arguments of counsel. For the
2  reasons set forth below, the court grants Vicorp a new trial on economic damages unless plaintiff accepts a
3  remittitur of $41,266.

## II.  ANALYSIS

"A jury's award of damages should not be disturbed unless it is clearly unsupported by the evidence." *Passantino v. Johnson & Johnson Consumer Products, Inc.*, 212 F.3d 493, 511 n.16 (9th Cir. 2000). Thus, "[a] court may not disregard a jury's verdict and order a new trial until it 'attempt[s] to reconcile the jury's findings, by exegesis if necessary." *Duk v. MGM Grand Hotel, Inc.*, 320 F.3d 1052, 1058-59 (9th Cir. 2003) (quoting *Gallick v. Baltimore & Ohio R.R. Co.*, 372 U.S. 108, 119 (1963)). A court may also order a remittitur when a jury returns an excessive verdict. *See Watec Co., Ltd. v. Liu*, 403 F.3d 645, 655 (9th Cir. 2005). However, the court can only reduce the verdict to "the maximum amount sustainable by the proof." *D & S Redi-Mix v. Sierra Redi-Mix & Contracting Co.*, 692 F.2d 1245, 1249 (9th Cir. 1982).

Here, the damage award of $350,000 is not supported by the weight of the evidence.[2] Miller contends that the jury could have augmented Ogus' estimates based on its determination either that Miller (1) was a hard worker who would have worked past the age of 70 or (2) would have been promoted. However, the court finds that any award based on either rationale would be speculative. Moreover, the court expressly declined to let Ogus testify that Miller might have been promoted, because such an opinion would have necessarily relied on speculation as to whether Miller had any chances for promotion. Accordingly, the court holds that Miller may elect to accept either (1) a new trial on the issue of economic

---

[2] Vicorp argues that its counsel interviewed jurors after the verdict and "learned that one or more jurors added in an extra amount for attorney's fees in order to reach the figure of $350,000." Sidran Decl. Supp. Mot. ("Sidran Decl.") ¶ 5. However, the court cannot consider this alleged statement:

> [u]pon an inquiry into the validity of a verdict . . . a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon that or any other juror's mind or emotions . . . or concerning the juror's mental processes in connection therewith . . . .

Fed. Rule Evid. 606(b); *see also McDonald v. Pless*, 238 U.S. 264, 267 (1914) (reasoning that if verdicts could be "set aside on the testimony of those who took part in their publication [then] all verdicts could be, and many would be, followed by an inquiry in the hope of discovering something which might invalidate the finding"). For these reasons, the court strikes the statement.

1  damages or (2) a remittitur, making his final damage award in the amount of $308,734.[3]  Plaintiff indicated
2  he would accept a remittitur rather than a new trial.

4  DATED:      7/25/05                              /s/ Ronald M. Whyte
5                                                         RONALD M. WHYTE
                                                          United States District Judge

---

[3]   The court believes that Ogus erroneously deducted $17,486 of Miller's real estate earnings from his damages.

ORDER REGARDING DEFENDANT'S MOTION FOR A NEW TRIAL ON ISSUE OF ECONOMIC DAMAGES OR REMITTITUR
C-03-00777- RMW
DOH                                                 3

1  **Notice of this document has been electronically sent to:**

2  **Counsel for Plaintiff:**
   John Ota           jota@mltsf.com
3  Jack W. Lee        Email: jwl@mltsf.com

4  **Counsel for Defendant:**
   David Robert Sidran    davidsidran@yahoo.com
5
   Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-
6  filing under the court's CM/ECF program.

7

8  **Dated:**       7/25/05                         DOH
                                                    **Chambers of Judge Whyte**
9

ORDER REGARDING DEFENDANT'S MOTION FOR A NEW TRIAL ON ISSUE OF ECONOMIC DAMAGES OR REMITTITUR
C-03-00777- RMW
DOH                                                 4