1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**E-FILED on**  2/24/06

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GEORGE MILLER, JR.,<br><br>           Plaintiff,<br><br>     v.<br><br>VICORP RESTAURANTS, INC., and DOES 1<br>through 10, inclusive<br><br>           Defendant. | No. C-03-00777  RMW<br><br>ORDER GRANTING IN PART AND<br>DENYING IN PART PLAINTIFF'S MOTION<br>TO AMEND JUDGMENT<br><br>**[Re Docket No. 213]** |

On January 11, 2006 this court granted in part and denied in part plaintiff's motion for attorney's fees and costs ("January 11 Order").  Plaintiff's counsel ("Minami Lew") moves to amend and clarify the January 11 Order.  The court deems the matter submitted on the papers without oral argument under Local Rule 7-1(d).

Minami Lew correctly notes that the January 11 Order (1) stated that in *Velez v. Roche*, N.D. Cal. No. C-02-0335 EMC, Magistrate Judge Chen determined that John Ota's reasonable billing rate was $230 per hour, when in fact Magistrate Judge Chen found $275 to be reasonable and (2) purported to reduce its attorneys' hours by 40% and its paralegals' hours by 60% on the fee motion, but in fact reduced its attorneys' hours by 60% and its paralegals' hours by 40%.  Minami Lew claims that $300 per hour is a reasonable fee for Ota.  The court agrees that the January 11 Order reflected a rate that was too low and that $300 per hour is reasonable.  However, with respect to Minami Lew's second contention, the January 11 Order incorrectly *stated* that the court reduced

Minami Lew's attorney's hours by 40% and its paralegals' hours by 60%. In fact, the court meant to reduce Minami Lew's attorney's hours by 60% and its paralegals' hours by 40%. Thus, the problem was the text of the Order, not the accompanying chart.

Minami Lew's final lodestar figure should have been as follows.

| Timekeeper | Adjusted Hourly Rate | Liability Stage Hours | Total Liability-Related $ | Adjusted Fee-Related Hours | Total Fee-Related $ | Grand Total $ |
|---|---|---|---|---|---|---|
| Lee | $450 | 427.8 | $192,510 | 29.4 | $13,230 | |
| Ota | $300 | 613.9 | $184,170 | 39.2 | $11,760 | |
| Chan | $130 | 151.6 | $19,708 | 11.13 | $1,469 | |
| Valdez | $125 | 12.6 | $1,575 | 0 | $0 | |
| Bellard | $115 | 24.05 | $2,765.75 | 0 | $0 | |
| Sumagaysay | $115 | 1.9 | $218.50 | 43.38 | $4,988.70 | |
| Pearl | $495.00 | 0 | $0 | 22.2 | $10,989.00 | |
| Total | | | $400,947.25 | | $42,436.70 | $443,383.95 |

With these adjustments, Minami Lew's fee award is $443,383.95. The court now vacates its previous calculation and enters judgment accordingly.

Minami Lew also moves for a clarification on its request for $30,509.00 in costs not included in the Bill of Costs.[1] It notes that *Beasley v. Wells Fargo Bank*, 235 Cal. App. 3d 1407, 1422 (1991) held that fee awards under California Code of Civil Procedure section 1021.5 can include expert witness fees and other "expenses ordinarily billed to a client and . . . not included in the overhead component of counsel's hourly rate." However, *Beasley* has been roundly and persuasively criticized. *See Benson v. Kwikset Corp.*, 24 Cal. Rptr. 3d 683, 712-13 (2005), *review granted by Benson v. Kwikset Corp.*, 110 P.3d 1217 (2005) ("We conclude [that] *Beasley*'s reasoning is flawed"

---

[1]    The January 11 Order did not mention these costs because the court was not aware that Minami Lew believed that they were independently recoverable. *See* Mot. Attorney's Fees at 20:9-18 (mentioning "$33,000 in out-of-pocket expenses" for the sole purpose of arguing the discrete issue of whether Minami Lew is entitled to "a risk enhancement"); Rep. Supp. Mot. Attorney's Fees 11:9-13 (arguing for the first time that "[p]laintiff's request for compensation for out-of-pocket expenses is reasonable").

because "[s]ection 1021.5 . . . does not mention costs" and thus "the Legislature intended Code of Civil Procedure section 1033.5, the general costs statute, to apply.").  Moreover, in *Davis v. KGO-T.V., Inc.*, 17 Cal. 4th 436, 442 (1998), the California Supreme Court held that expert fees are not recoverable in a FEHA action and clarified that "the trial court's discretion . . . is limited to determining whether any allowable costs were 'reasonably necessary' and 'reasonable in amount' and to awarding or denying additional items of costs that are not mentioned as either allowable or nonallowable in Code of Civil Procedure section 1033.5."[2]

Section 1033.5 provides that the following costs are recoverable: (1) filing fees, (2) "taking, videotaping, and transcribing necessary depositions including an original and one copy of those taken by the claimant and one copy of depositions taken by the party against whom costs are allowed, and travel expenses to attend depositions," (3) service of process under certain circumstances, (4) transcripts of court proceedings ordered by the court, (5) court reporters fees as established by statute, (6) "[m]odels and blowups of exhibits and photocopies of exhibits . . . if they were reasonably helpful to aid the trier of fact."  The statute excludes recovery for the following costs: (1) expert fees, (2) "[i]nvestigation expenses in preparing the case for trial," (3) "[p]ostage, telephone, and photocopying charges, except for exhibits," (4) "[c]osts in investigation of jurors or in preparation for voir dire," and (5) "[t]ranscripts of court proceedings not ordered by the court." Finally, "[i]tems not mentioned in this section and items assessed upon application may be allowed or denied in the court's discretion."  Cal. Code Civ. P. § 1033.5.

The chart below reflects the court's determination of whether Minami Lew's documented expenses are recoverable.  The court exercises its discretion to exclude the cost of legal research and other expenses that are either (1) not properly documented as necessary or (2) not fair to shift to Vicorp.  In addition, the court notes that Minami Lew has inadvertently requested compensation for some expenses it has already recovered in its Bill of Costs.  *See* Docket Nos. 148, 150, 155.

---

[2]     Because Vicorp did not dispute that Minami Lew was entitled to an award of attorney's fees, the January 11 Order acknowledged that both FEHA and section 1021.5 *could* be the basis for such an award.  *See* January 11 Order at 2:5-11.  To the extent that there is any discrepancy between the availability of costs under the two statutes, the court notes that this case is far more like *Davis*, an employment dispute, than *Beasley*, a consumer class action.  Thus, *Davis'* analysis controls.

| Item | Amount | Recoverable? |
|------|--------|--------------|
| Copy of Miller's deposition transcript | $296.00 | Yes |
| Westlaw research (total) | $1,470.62 | No |
| Cost of Moen deposition | $344.10 | Yes |
| Cost of Jacobe deposition | $416.80 | Yes |
| Miller's medical records | $55.00 | No |
| Hotel/travel/food in San Jose | $1,768.81 | No |
| Transcript of Michael Leong, M.D.'s deposition | $102.40 | Yes |
| Copying (total) | $309.62 | No |
| Hotel/travel in St. Louis (for deposition) | $353.43 | Yes |
| Unspecified United Airlines charge | $688.88 | No |
| Trial transcript | $501.60 | No |
| Phone charges | $5.50 | No |
| Cohen expert deposition fee | $460.00 | No |
| Fed Ex charges (total) | $59.08 | No |
| Docket fees | $0.42 | Yes |
| Messenger service (total) | $2,897.38 | No |
| UPS (total) | $454.92 | No |
| Miscellaneous juror questionnaire expense | $41.50 | No |
| Ogus expert fees | $3,040.43 | No |
| Service of process (total) | $505.40 | Yes |
| Hyland expert fees | $1,228.50 | No |
| National jury project fees | $990.00 | No |
| Expert fees (identity of expert not documented) | $4,054.05 | No |
| Prepare deposition DVD for trial (total) | $889.32 | No |
| Fujimoto expert fees | $3,000.00 | No |
| Ghoreishi witness fee and mileage reimbursement | $44.20 | No (already taxed) |
| Abdel-Latis witness fee and mileage reimbursement | $44.64 | No (already taxed) |
| Moen witness fee and mileage reimbursement | $144.85 | Yes |
| Jacobe witness fee and mileage reimbursement | $69.47 | Yes |

The total recoverable amount is $2,232.87.

Finally, Minami Lew asks the court to clarify the date from which post-judgment interest on the attorney's fees and costs will run.[3]  Minami Lew cites *Friend v. Kolodzieczak*, 72 F.3d 1386 (9th Cir. 1995) and *Guam Society of Obstetricians & Gynecologists v. Ada*, 100 F.3d 691 (9th Cir. 1996) for the proposition that "[t]he Ninth Circuit has held that a defendant is liable for postjudgment interest on the attorney's fees and costs award from the date of the jury verdict." Mot. at 4:11-14. However, this is not the law.  *See Mangold v. California Public Utilities Com'n*, 67 F.3d 1470, 1479 (9th Cir. 1995) ("the trial court erred when it awarded post-judgment interest . . . payable from the date the verdict (rather than the judgment) was entered").  Although the issue remains unclear, most courts have concluded that post-judgment interest runs from the date of entry of the order entitling counsel to fees and costs.[4]  *See Friend*, 72 F.3d at 1388, 1392 (holding that post-judgment interest should run from June 20, 1990, the date when the court granted plaintiff's motion for attorney's fees and costs); *Ada*, 100 F.3d at 694, 702 (affirming post-judgment interest running from November 12, 1991, which the court described as "the date of initial entry of judgment," although plaintiffs prevailed on substantive claims in March 1990 and on attorney's fee motion in June 1991); *Associated General Contractors of Ohio, Inc. v. Drabik*, 250 F.3d 482, 495 (6th Cir. 2001) (post-judgment interest "run[s] on an fee award from the time of entry of the judgment which unconditionally entitles the prevailing party to reasonable attorney fees").  Here, neither the jury's verdict nor the court's April 11, 2005 judgment entering the verdict "unconditionally entitle[d]" Minami Lew to attorney fees and costs.  Thus, the court holds that the relevant date upon which post-judgment interest began to accrue is the date it granted Minami Lew's motion for fees: January 11, 2005.  It is so ordered.

DATED: _____2/23/06_____          _____/s/ Ronald M. Whyte_____
                                      RONALD M. WHYTE
                                      United States District Judge

---

[3]      "In diversity actions . . . postjudgment interest is governed by federal law." *American Tel. & Tel. Co. v. United Computer Systems, Inc.*, 98 F.3d 1206, 1209 (9th Cir. 1996).

[4]      This issue is confusing because (1) some courts use the term "judgment" loosely and (2) some judgments on the merits include an award of yet-to-be-quantified attorney's fees.

1    **Notice of this document has been electronically sent to:**

2    **Counsel for Plaintiff:**
     John Ota                jota@mltsf.com
3    Jack W. Lee             jwl@mltsf.com
     Richard Pearl           rpearl@interx.net

4
     **Counsel for Defendant:**
5    David Robert Sidran     davidsidran@yahoo.com

6    Counsel are responsible for distributing copies of this document to co-counsel that have not
     registered for e-filing under the court's CM/ECF program.
7

8
     **Dated:**      2/24/06              DOH
9                                        **Chambers of Judge Whyte**

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28